IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN COX, individually and as Class Representative for all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MIDLAND FUNDING, LLC;<br>And<br>FREDERICK J. HANNA<br>& ASSOCIATES, P.C.,<br><br>Defendants. | CIVIL ACTION NUMBER:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES IN CLASS ACTION**

COMES NOW, Plaintiff Glenn Cox, individually and as Class Representative for all others similarly situated, and files this, his Complaint for Damages in Class Action against Midland Funding, LLC and Frederick J. Hanna & Associates, P.C. (hereinafter "Hanna") for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA") and shows this Honorable Court the following:

**THE PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff Glenn is a domiciliary of the State of Georgia and of Cobb County

and submits to the personal jurisdiction of this Court by filing his Complaint in this judicial district.

2.

Plaintiff is a "consumer" as that term is defined by the FDCPA.

3.

Defendant Midland Funding, LLC is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108.

4.

Defendant Midland Funding, LLC is registered with the Georgia Secretary of State and maintains its registered office at Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County Georgia 30092 and may be served with Summons and a copy of this Complaint at this address.

5.

Defendant Midland Funding, LLC is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

6.

Defendant Midland Funding, LLC then seeks to enforce the debts against the

consumers through lawsuits.

7.

Defendant Midland Funding, LLC uses the mails and telephone systems to conduct its debt collection business.

8.

Defendant Midland Funding, LLC is a "debt collector" as defined in the FDCPA.

9.

Defendant Hanna is a debt collection law firm duly registered with the Georgia Secretary of State, with its principal place of business at 2253 Northwest Parkway, Marietta, Cobb County, Georgia 30067 and is subject to the personal jurisdiction of this Court.

10.

At all times relevant to Plaintiff herein, Defendant Hanna was the attorney of record for Defendant Midland Funding, LLC to collect a debt from Plaintiff.

11.

Defendant Hanna is a "debt collector" as that term is defined by the FDCPA.

12.

Defendant Hanna uses the mails and telephone system to conduct its debt

collection business.

13.

Defendant Hanna maintains its registered office at 2253 Northwest Parkway, Marietta, Cobb County, Georgia 30067 and may be served with the Plaintiff's Summons and Complaint for Damages in Class Action at this address.

14.

This Court has subject matter jurisdiction as this matter is filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

15.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FAIR DEBT COLLECTION PRACTICES ACT

16.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. § 1692.

17.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

18.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

19.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

20.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## FACTUAL ALLEGATIONS

21.

Plaintiff was the object of a verified debt collection lawsuit ("Lawsuit") filed by Defendant Hanna, on behalf of Midland Funding, LLC, as an alleged assignee of Citibank, N.A./Citgo on February 21, 2014, in Cobb County Magistrate Court, Georgia, Civil Action File No. 14-J-02106.

22.

A true and correct copy of the Lawsuit is attached hereto as Exhibit "A."

23.

Plaintiff was served with the Lawsuit on March 12, 2014, by a private process server.

24.

Plaintiff failed to file his responsive pleadings within the required time, and was required to open the default as a matter of right pursuant to OCGA § 9-11-55(a) by the filing of such defenses within 15 days of the day of default, and upon the payment of costs.

25.

Plaintiff filed his Answer and Counterclaims on April 14, 2014, and paid $102.50 into the Court to open his default as a matter of right.

26.

Plaintiff paid the sum of $102.50 because the Defendants represented in their verified complaint, "Wherefore, Plaintiff demands Judgment against Defendant in the principal sum of $894.33 and court costs of $102.50."

27.

The sum of $102.50 purportedly represented the Magistrate Court of Cobb County filing fee for a "Civil Action Suit" of $52.50 and the Cobb County Sheriff's service of process fee of $50.00. See http://magistrate.cobbcountyga.gov/v6/fees.htm.

28.

However, in reality, Defendants did not use the Cobb County Sheriff's Department to perfect service of process, but instead used Darryl Brooks, an agent and/or employee of JJL Process Corporation, a national, private processing company.

29.

Upon information and belief, Defendants only paid JJL Process Corporation $30.00 or $35.00 for perfecting service of process on Plaintiff.

## DEFENDANTS' PRACTICE

30.

Defendants collect or attempt to collect service of process costs not allowed by law.

31.

Defendants collect or attempt to collect more than the amount actually expended for service costs.

32.

Defendants misrepresent the amount of service of process costs they actually pay or are obligated to pay in the lawsuits that they file against consumers.

## CLASS ACTION ALLEGATIONS

33.

This action is brought by Plaintiff individually and as a class action under the provisions of Fed. R. Civ. P. 23 for damages pursuant to the FDCPA.

34.

The class of plaintiffs for whose benefit the named Plaintiff brings this action is defined as follows:

> All persons while residing in the State of Georgia from whom Defendants have collected or have attempted to collect during the one year prior to the filing of this action a fee for service of process in excess of the amount

Defendants actually paid or are and/or were obligated to pay to the process server, in connection with attempts to collect consumer debts incurred for personal, family, or household purposes.

35.

On information and belief, Defendants have a pattern and practice of seeking to collect service of process costs in excess of the amount actually paid or that they are and/or were obligated to pay to private process servers.

36.

The names and addresses of the Plaintiff Class Members can readily be determined through the records of Defendant Hanna.

37.

The service of process costs collected or attempted to be collected can be readily determined from a ministerial review of Defendant Hanna's accounting records.

38.

The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, the pattern and practice of Defendants collecting or attempting to collect service of process costs in excess of the amounts actually paid or that they are and/or were obligated to pay to the process server has taken place for over a year prior to today. This assertion is also based upon the

fact that Defendants collect or attempt to collect debts in the State of Georgia by filing numerous lawsuits each month and filing false statements representing that service that Defendants' service of process costs are higher that the actual costs paid or that they are and/or were obligated to pay by Defendants.

39.

There are questions of law and fact common to all members of the Class, and these common questions of law and fact predominate over any individual issues. The principle questions pertinent to the classes as a whole include:

a) Whether Defendants have collected or attempted to collect service of process costs in excess of amounts Defendants actually paid or are and/or were obligated to pay their private process servers;

b) Whether Defendants' actions attempting to collect service of process costs in excess of amounts Defendants actually paid or are and/or were obligated to pay their private process servers violated the FDCPA;

c) Whether Defendants' actions actually collecting service of process costs in excess of amounts Defendants actually paid or are and/or were obligated to pay their private process servers violated the FDCPA;

d) The appropriate measure of damages and the appropriate remedies;

e) Defenses raised by Defendants; and

f) The availability of statutory and actual damages pursuant to the FDCPA.

40.

The claims of the named Plaintiff are typical of the claims of the members of the plaintiff class, which all arise from the same operative facts and are based on the same legal theory, and Plaintiff's claims will thus adequately represent those of the Plaintiff Class Members.

41.

The named Plaintiff will fairly and adequately protect the interest of the Plaintiff Class Members. Plaintiff has retained counsel with experience in class action and FDCPA litigation, and they are not aware of any interest that might cause them not to vigorously pursue this case.

42.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims

based on the conduct of Defendant Hanna and Defendant Midland Funding, LLC in one forum.  It is especially the case in a FDCPA action, as Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

43.

Plaintiff is aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable.  This is not a class action that will require an analysis of Defendants' conduct as to individual class members.

44.

Plaintiff's and Plaintiff Class Members' claims against Defendants are based on Defendants' general practice of collecting or attempting to collect service of process costs in excess of the amounts actually paid or are and/or were obligated to pay to the private process servers.  Defendants knowingly engage in this routine, standard practice, and their practice does not vary among members of the proposed plaintiff class.  The service of process costs in excess of amount actually paid or Defendants are and/or were obligated to pay that were collected or were attempted to be collected by Defendants can be readily determined from Defendants' business records, and specifically from the account notes and accounting records generated by Defendant Hanna for each person while residing in the State of

Georgia.

45.

Prosecution of separate actions by individual members of the plaintiff class would create adjudications that would be dispositive of the interests of the other members not parties to the adjudications.

46.

Without a class action mechanism, members of the plaintiff class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

47.

The claims of Plaintiff and Plaintiff Class Members are meritorious. The named Plaintiff believes he will prevail on the merits based upon the clear, unambiguous statutory provisions.

48.

A final judgment on the merits of the named Plaintiff's claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

## VIOLATIONS OF THE FDCPA

49.

Plaintiff re-alleges all preceding paragraphs as if fully re-stated herein, and further shows this Court the following:

50.

The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to provisions cited herein.

51.

Defendant Midland Funding, LLC by and through its counsel of record, Defendant Hanna; and Defendants, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiff and the Class Members.

52.

15 U.S.C. § 1692e(2) prohibits the false representation of the amount or legal status of any debt.

53.

The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 U.S.C. § 1692e(2)(A).

54.

The Defendants have made false representations and/or used deceptive means to collect or attempt to collect consumer debts in violation of 15 U.S.C. § 1692e(10) by filing false representations of the amount actually paid for service of process costs in the underlying complaint.  See Exhibit "A."

55.

15 U.S.C. § 1692f(1) prohibits:  "The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

56.

Defendants have collected or attempted to collect service of process costs in excess of the actual charges in violation of 15 U.S.C. § 1692f(l).  The attempt to collect or collection of such an amount is neither expressly authorized by the agreement creating the debt nor permitted by law, therefore in violation of 15 U.S.C. § 1692f(l).

57.

Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect service of process costs in excess of the amounts Defendants actually paid

or are and/or were obligated to pay for service from Plaintiff and the Class Members.

58.

The foregoing acts and omissions of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(2)(A), 1692e(10), and 1692f(1) for which Plaintiff and the Class Members are entitled to relief.

**WHEREFORE**, Plaintiff being entitled to a trial by jury and judgment against Defendants, prays for the following:

a) An order certifying that the action may be maintained as a class action as to the Class as stated above;

b) That the named Plaintiff Glenn Cox be designated as class representative for the Class Members;

c) That Plaintiff's counsel of record herein be designated as class counsel for the Class Members as defined in this Complaint or by this Court;

d) That Plaintiff and the Class Members be granted statutory and actual damages pursuant to the FDCPA;

e) That all monies referred to herein which relate to the Class Members

be paid into a common fund for the benefit of the Class Members, less an incentive award, litigation expenses and attorneys' fees;

f) That an order granting Plaintiff his expenses incurred in bringing and prosecuting this action, including attorneys' fees, expert fees and costs;

g) That pre- and post-judgment interest be granted, if applicable;

h) That the court conduct a "fairness hearing," after due and proper notice to all the Class Members, and make such award of attorneys' fees, litigation expenses and an incentive award for the named Plaintiff as the Court deems appropriate from the common fund (as referenced above) and/or from the Defendant;

i) That a trial by jury be had; and

j) Such other and further relief as the Court may deem just, necessary or appropriate.

Respectfully submitted, this 22nd day of May, 2014.

                THE KOVAL FIRM, LLC

                s/ Steven H. Koval
                By:  Steven H. Koval
                Georgia Bar No. 428905

3575 Piedmont Road
Building 15, Suite 120

Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
steve@kovalfirm.com

                        HURT STOLZ, P.C.

                         _s/ James W. Hurt, Jr._
                        By:  James W. Hurt, Jr.
                        Georgia Bar No.:  380104

345 West Hancock Avenue
Athens, Georgia 30601
Telephone: (706) 395-2750
Facsimile:  (866) 766-9245
jhurt@hurtstolz.com

                        ADDLETON LTD CO.

                         _s/ David F. Addleton_
                        By:  David F. Addleton
                        Georgia Bar No.:  005050

355 Cotton Avenue
Macon, Georgia 31201
Telephone: (404) 797-7166
Facsimile: (888) 398-0898
dfaddleton@gmail.com            **ATTORNEYS FOR PLAINTIFF**