# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLENN COX, individually and as Class Representative for all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 1:14-cv-1576-AT-JSA |
| MIDLAND FUNDING, LLC and FREDERICK J. HANNA & ASSOCIATES, P.C., ) ) ) ) | |
| Defendants. ) | |

## MIDLAND FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** defendant Midland Funding, LLC ("Midland" or "Defendant"), by and through its undersigned counsel, and, specifically reserving its right to seek arbitration of plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq*., for its Answer to the Complaint for Damages in Class Action ("Complaint") of plaintiff Glenn Cox ("Plaintiff"), states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

2. The allegations contained in paragraph 2 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of paragraph 2 do not contain a legal conclusion, Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. In response to paragraph 3 of the Complaint, Defendant admits that it is a Delaware limited liability company with its principal place of business in San Diego, California. Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4. In response to paragraph 4 of the Complaint, Defendant admits that it is registered with the Georgia Secretary of State and that its registered agent in Georgia is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Except as expressly admitted herein, Defendant denies the allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant admits that as part of its business it takes title to past due accounts from original creditors. Except as expressly admitted herein, Defendant denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant admits that lawsuits may be filed on its behalf related to some of the delinquent accounts that it owns. Except as expressly admitted herein, Defendant denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8. The allegations contained in paragraph 8 call for a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

10. Defendant admits that defendant Hanna was retained to represent Defendant on the subject account. Except as expressly admitted herein, Defendant denies the allegations of paragraph 10 and demands strict proof thereof.

11. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

12. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

13. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

14. In response to paragraph 14 of the Complaint, Defendant admits that the statutes referenced therein confer jurisdiction but denies that jurisdiction is appropriate as to Defendant because it has not violated any law and because Defendant believes that Plaintiff's claims may be subject to a mandatory, binding arbitration agreement, and denies the remaining allegations of this paragraph.

15. Defendant has insufficient knowledge and information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

## **FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant admits that 15 U.S.C. § 1692 speaks for itself. Otherwise, denied.

17. Defendant admits that 15 U.S.C. § 1692a(3) speaks for itself. Otherwise, denied.

18. Defendant admits that 15 U.S.C. § 1692a(5) speaks for itself. Otherwise, denied.

19. Defendant admits that 15 U.S.C. § 1692a(6) speaks for itself. Otherwise, denied.

20. Defendant admits that 15 U.S.C. § 1692k speaks for itself. Otherwise, denied.

**FACTUAL ALLEGATIONS**

21. Defendant admits that a lawsuit was filed on its behalf against Plaintiff and that said pleadings speak for themselves. Otherwise, and except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22. Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

23. Defendant is without sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies same and demands strict proof thereof.

24. Defendant admits that the state court pleadings speak for themselves. Otherwise, and except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

25. Defendant admits that the state court pleadings speak for themselves. Otherwise, and except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26. Defendant is without sufficient information to admit or deny the allegations in paragraph 26 of the Complaint and therefore denies same and demands strict proof thereof.

27. Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of the Complaint and therefore denies same and demands strict proof thereof.

28. Defendant is without sufficient information to admit or deny the allegations in paragraph 28 of the Complaint and therefore denies same and demands strict proof thereof.

29. Defendant is without sufficient information to admit or deny the allegations in paragraph 29 of the Complaint and therefore denies same and demands strict proof thereof.

## DEFENDANTS' PRACTICE

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

33. The allegations of paragraph 33 are not directed at Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained therein and demands strict proof thereof.

34. The allegations of paragraph 34 are not directed at Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained therein and demands strict proof thereof.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant denies the allegations contained in paragraph 39, including subparts (a), (b), (c), (d), (e), and (f), and demands strict proof thereof.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

## **VIOLATIONS OF THE FDCPA**

49. Defendant reasserts and realleges its responses to the preceding paragraphs as if fully set forth herein.

50. Defendant denies the allegations in paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant denies the allegations in paragraph 51 of the Complaint and demands strict proof thereof.

52. Defendant states that 15 U.S.C. § 1692e(2) speaks for itself. Otherwise, denied.

53. Defendant denies the allegations in paragraph 53 of the Complaint and demands strict proof thereof.

54. Defendant denies the allegations in paragraph 54 of the Complaint and demands strict proof thereof.

55. Defendant states that 15 U.S.C. § 1692f(1) speaks for itself and denies any characterization of 15 U.S.C. § 1692f(1) that is inconsistent with same.

56. Defendant denies the allegations in paragraph 56 of the Complaint and demands strict proof thereof.

57. Defendant denies the allegations in paragraph 57 of the Complaint and demands strict proof thereof.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

In response to the unnumbered paragraph appearing below paragraph 58, and all subparagraphs thereunder, and beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to an Order certifying this action as a class action; that Plaintiff should be designated as class representative; that Plaintiff's counsel should be designated as class counsel; that Plaintiff or any putative class members are entitled to statutory damages, actual damages, costs, attorney's fees, interest, trial by jury, or any other relief whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent Plaintiff's claims or the claims of any putative class member fall within the scope of a valid and enforceable arbitration agreement covering Defendant, such claims are barred in whole or in part because Defendant intends to pursue the enforcement of such arbitration agreement and does not waive the enforcement of such arbitration agreement by responding to Plaintiff's Complaint.

## SECOND DEFENSE

To the extent Plaintiff has contractually waived his right to assert class claims against Defendant, Defendant intends to pursue the enforcement of such agreement and does not waive the enforcement of such agreement by responding to Plaintiff's Complaint.

## THIRD DEFENSE

Plaintiff's claims and the claims of any putative class member against Defendant fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

To the extent Plaintiff's claims or the claims of any putative class member against Defendant are related to conduct outside the applicable statute of limitations, they are time barred.

## FIFTH DEFENSE

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## SIXTH DEFENSE

To the extent that Plaintiff or any putative class member has filed for bankruptcy protection, Plaintiff's claims and the claims of any putative class member are barred based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff or any putative class member is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## SEVENTH DEFENSE

Plaintiff and any putative class member lack standing.

## EIGHTH DEFENSE

Any claim of Plaintiff or any putative class member were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendant had no responsibility or control and for which Defendant may not be held liable.

## NINTH DEFENSE

Plaintiff and any putative class member have failed to mitigate their damages, if any.

## TENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

## ELEVENTH DEFENSE

Any violation of the FDCPA, to the extent that a violation(s) is established, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## TWELFTH DEFENSE

Plaintiff's request for class certification would require segregation of individual issues of fact from common issues and would, therefore, violate Defendant's right to have its claims adjudicated by a single jury as guaranteed by the Seventh Amendment of the United States Constitution, and the Georgia Constitution.

## THIRTEENTH DEFENSE

A class action based on statutory damages would be unfairly penal.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the counterclaim have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 10th day of July, 2014.

*/s/ Rachel R. Friedman*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244
Attorneys for Defendant
MIDLAND FUNDING, LLC

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2014, I presented the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Steven H. Koval
The Koval Firm, LLC
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA 30305
steve@kovalfirm.com

James W. Hurt, Jr.
Hurt Stolz, PC
345 West Hancock Avenue
Athens, GA 30601
jhurt@hurtstolz.com

David F. Addleton
Addleton Ltd Co.
355 Cotton Avenue
Macon, GA 31201
dfaddleton@gmail.com

John H. Bedard, Jr.
Michael K. Chapman
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, GA 30097
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None

    *s/ Rachel R. Friedman*
    Rachel R. Friedman
    Georgia Bar No. 456493
    rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244