IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN COX, Individually and as class representative for all others similarly situated, : : : : : | |
| Plaintiff, : : | |
| v. : | CIVIL ACTION NO. 1:14-CV-1576-AT-JSA |
| : | |
| MIDLAND FUNDING, LLC, and FREDERICK J. HANNA & ASSOCIATES, P.C., : : : : | |
| Defendants. : | |

**O R D E R**

The above-captioned action is before the Court on the Defendants' Motion for Leave to Serve Subpoenas Prior to the Commencement of the Discovery Period and to Delay the Commencement of the Discovery Period [10] ("Motion for Leave"). Defendants request leave of the Court to serve subpoenas on non-party Citibank (or the appropriate Citibank entity) prior to the commencement of the discovery period in this case. Defendants also request that the Court delay the commencement of the discovery period by thirty days pending receipt of Citibank's response to the subpoena.

The docket reflects that the Defendant Frederick J. Hanna & Associates, P.C., filed its Answer [8] on July 3, 2014, the same day that the Defendants filed their Motion for Leave [10].[1] Accordingly, pursuant to the Local Rules, the discovery period began on August 2, 2014. *See* LR 26.2(A), NDGa (the discovery period begins thirty days after the appearance of the first defendant by answer to the complaint). On July 17, 2014, Plaintiff filed his Response [16] to the Defendants' Motion to Leave, in which he stated that he opposed the motion. Defendants thus had until August 4, 2014, in which to file a reply in support of their Motion to Leave, but they did not do so. Instead, on July 29, 2014, Defendant Frederick J. Hanna & Associates, P.C., filed a Notice of Intent to Serve Subpoenas [19] in which it states that it intends to serve subpoenas on Citibank, N.A., and Citicorp Credit Services, Inc., "not earlier than August 5, 2014." *See* Notice of Intent to Serve Subpoenas [19] at 1-2.

Accordingly, because the discovery period began on August 2, 2014, and Defendant Frederick J. Hanna & Associates, P.C., has stated its intent to serve subpoenas on Citibank after August 5, 2014, the Defendants' request for leave to serve subpoenas prior to the commencement of the discovery period is now moot. The

---

[1] The Defendants did not style their Motion to Leave as an "Emergency Motion," nor did they request an expedited hearing from the Court. *See* Mot. for Leave [10] at 1. Accordingly, the Clerk submitted the Motion for Leave to the undersigned on August 5, 2014, after the discovery period had already begun.

discovery period has already begun and the Defendants do not need leave of the Court to serve subpoenas.

Defendants have also requested that the Court delay the commencement of the discovery period by thirty days pending receipt of Citibank's response to the subpoena. Defendants contend that they have a "good faith belief that Citibank is in possession of Plaintiff's credit card agreement which contains an arbitration clause and class action waiver which (1) benefits Defendants; and (2) would divest this Court of subject matter jurisdiction to adjudicate Plaintiff's individual and class claims." Defs. Mot. for Leave [10] at 1-2. Plaintiff has opposed the motion, arguing that "Defendants seek to hamstring Plaintiff from pursuing this action by asking this Court to prevent Plaintiff from procuring evidence through discovery to support his cause of action while Defendants attempt to subpoena evidence of the alleged arbitration agreement . . . ." Pl. Br. [16] at 1.

The Court agrees with Plaintiff. Defendants are requesting that they be allowed to pursue discovery by serving subpoenas on third parties, while at the same time delaying the Plaintiff from pursuing discovery. Defendants have not cited any authority in support of their motion, nor have they filed any affidavit or other evidentiary support for their "good faith belief" that Plaintiff's credit card agreement

3

contains an arbitration clause and class action waiver that would "divest this Court of subject matter jurisdiction." Accordingly, Defendants' Motion for Leave [10] is **DENIED**.

    **IT IS SO ORDERED** this 8th day of August, 2014.

                                                  _____
                                                JUSTIN S. ANAND
                                                UNITED STATES MAGISTRATE JUDGE